IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00620-BNB

MATTHEW J. SMITH,

      Plaintiff,

v.

WILLIAM COLTON, CDOC employee, and
COLORADO DEPARTMENT OF CORRECTIONS,

      Defendants.

_____

## <u>AMENDED</u> ORDER TO DISMISS IN PART AND TO DRAW CASE

_____

Plaintiff, Matthew J. Smith, is in the custody of the Colorado Department of

Corrections (CDOC) at the Colorado State Penitentiary in Cañón City, Colorado.  He

has filed a Prisoner Complaint against the Defendants for violation of his Eighth

Amendment right to be free from the excessive use of force, pursuant to 28 U.S.C. §

1343 and 42 U.S.C. § 1983.

Mr. Smith has been granted leave to proceed without payment of an initial partial

filing fee pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915 (2013).

Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any

time if the action is frivolous.  A legally frivolous claim is one in which the plaintiff asserts

the violation of a legal interest that clearly does not exist or asserts facts that do not

support an arguable claim.  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The Court must construe the Complaint liberally because Mr. Smith is not

represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as

an advocate for *pro se* litigants.  *See Hall*, 935 F.2d at 1110.   For the reasons

discussed below, the Court will dismiss the Complaint in part.

Mr. Smith asserts in the Complaint that on August 5, 2013, Defendant Colton

used force against him that was "malicious, unconstitutional and unjustified."  (ECF No.

1, at 4).  Plaintiff alleges the following facts in support of his claim:

> I, Matthew J. Smith, had stopped all disruptive behavior, and was in full
> transportation restraints, placed in a holding cell, when D.O.C. employee,
> William Colton entered into the cell, grabbed me by the throat, and
> slammed me onto a bench causing an injury to my neck.

(*Id.* at 4).  Mr. Smith requests monetary relief.

Plaintiff's § 1983 claim against the CDOC is barred by the Eleventh Amendment.

Eleventh Amendment immunity extends to states and state agencies deemed "arms of

the state" that have not waived their immunity, regardless of the relief sought. *Steadfast*

*Ins. Co. v. Agricultural Ins. Co.*, 507 F.3d 1250, 1252–53 (10th Cir. 2007).  The CDOC is

an agency of Colorado that is entitled to Eleventh Amendment immunity. *See Griess v.*

*Colorado*, 841 F.2d 1042, 1044–45 (10th Cir. 1988).  Congress did not abrogate

Eleventh Amendment immunity through Section 1983.  *See Quern v. Jordan*, 440 U.S.

332, 345 (1979).  The Eleventh Amendment applies to all suits against the state and its

agencies, regardless of the relief sought.  *See Higganbotham v. Okla. Transp. Comm'n*,

328 F.3d 638, 644 (10th Cir. 2003).  Accordingly, the CDOC is an improper party to this

action and will be dismissed.

After review pursuant to D.C.COLO.LCivR 8.1(b), the Court has determined that

Mr. Smith's claims against Defendant Colton do not appear to be appropriate for

summary dismissal and that the case should be drawn to a presiding judge and, if

appropriate, to a magistrate judge.  *See* D.C.COLO.LCivR 8.1(c).  Accordingly, it is

ORDERED that Defendant Colorado Department of Corrections is DISMISSED

as a party to this action based on Eleventh Amendment immunity.  It is

FURTHER ORDERED that this case shall be drawn to a presiding judge, and, if

appropriate, to a magistrate judge, pursuant to D.C.COLO.LCivR 40.1(a).

DATED at Denver, Colorado, this  12th   day of   March   , 2014.

BY THE COURT:


 s/ Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court