IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00620-NYW

MATTHEW J. SMITH,

    Plaintiff,

v.

WILLIAM COLTON,

    Defendant.

---

**ORDER ON MOTION TO COMPEL**

---

Magistrate Judge Nina Y. Wang

This matter comes before the court on Defendant William Colton's Motion to Compel Discovery. [#37, filed February 19, 2015]. This court has carefully considered the Motion, the entire case file, and applicable case law. For the following reasons, the Motion to Compel is GRANTED IN PART, and DENIED IN PART.

**BACKGROUND**

Plaintiff Matthew J. Smith ("Plaintiff" or "Mr. Smith"), a *pro se* prisoner in the custody of the Colorado Department of Corrections ("CDOC"), filed a Complaint pursuant to 28 U.S.C. § 1983 for violation of the Eighth Amendment's prohibition against the use of cruel and unusual punishment. [#1]. Mr. Smith alleges that while in "full transportation restraints," Defendant William Colton ("Defendant" or "Officer Colton"), a CDOC employee, "grabbed" him by the throat and "slammed" him onto a bench causing injury to his neck. [#1 at 4]. Plaintiff seeks an

injunction requiring CDOC to terminate Officer Colton's employment and for monetary damages in the amount of $ 500,000. [*Id.* at 8].

Officer Colton filed his Answer on June 16, 2014. [#13]. The Parties consented to the exercise of jurisdiction by a Magistrate Judge on July 21, 2014 [#18], and Judge Boland entered a Scheduling Order the same day. [#19]. The Order directed the Parties to complete discovery by January 21, 2015, file dispositive motions by February 20, 2015, and attend a Final Pretrial Conference on April 21, 2015. *Id.*

On September 3, 2014, Mr. Smith filed discovery requests with the court. [#22, #23]. In an Order dated September 5, 2014, the court informed Plaintiff that discovery requests must be served on counsel for Defendant. [#24]. On October 15, 2014, the court vacated the Pretrial Conference. [#25]. On December 9, 2014, Mr. Smith filed a Motion for Extension of Time of 60 days to respond to Defendant's First Set of Interrogatories and Requests for Production of Documents. [#26]. The court denied this request on January 6, 2015 for lack of good cause shown. [#31]. This order was served by the Clerk of the Court, and was not returned.

On January 16, 2015, Officer Colton filed a Motion to Amend the Scheduling Order to extend all deadlines by 60 days on the basis that his counsel had served Plaintiff with written discovery on November 12, 2014 and Mr. Smith had not responded, and that counsel had mailed Plaintiff a Rule 37 letter "in good faith" demanding a response to the discovery requests by January 22, 2014. [#32]. The court granted Defendant's Motion and extended the deadline to complete discovery to March 22, 2015 and the deadline to file dispositive motions to April 21, 2015. [#33]. A copy of this Minute Order sent to Mr. Smith was returned to the court as undeliverable on February 17, 2015. [#36]. Officer Colton then filed the pending Motion to

Compel on February 19, 2015, in which he seeks (1) a finding that Mr. Smith has waived all objections to the discovery; (2) an order compelling discovery responses; and (3) attorney's fees and costs. [#37]. On February 23, 2015, the undersigned ordered Mr. Smith to file a Response to the Motion on or before March 12, 2015. [#38]. A copy of that Order was returned on March 9, 2015 as undeliverable. [#39]. Mr. Smith has not filed his Response as of the date of this Order.

## ANALYSIS

Federal Rule of Civil Procedure 26(b)(1) allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." The Advisory Committee Note to the 2000 Amendment to Rule 26(b)(1) directs courts to involve themselves in discovery disputes to determine whether discovery is relevant to the parties' claims or defenses, and if not, to determine whether "good cause exists for authorizing it so long as it is relevant to the subject matter of the action." Here, Mr. Smith has not argued that Defendant's discovery requests are irrelevant or offered another basis for refusing to answer, he simply has not responded.

Rules 33(b) and 34(b) require parties to object to interrogatories and requests for production within 30 days of the date of service. Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A). *See also Pham v. Hartford Fire Ins. Co.,* 193 F.R.D. 659, 661 (D. Colo. 2000). Rule 33(b)(4) provides "[a]ny ground not stated in a timely objection [to an interrogatory] is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4).. This waiver in the face of failure to object extends to requests for production as well. *Pham v. Hartford Fire Ins. Co.*, 193 F.R.D. 659, 661-62 (D. Colo. 2000). Officer Colton states that he served the underlying

3

discovery requests on November 12, 2014, and the certificate of service is *prima facie* proof that the discovery was sent to Mr. Smith on that date. [#37 at ¶ 1; #37-1 at 5]. Mr. Smith asked for 60 additional days on December 9, 2014, acknowledging receipt. [#26]. Even if the court had granted his request for extension (which it did not), Mr. Smith's time to respond to Officer Colton's propounded discovery has expired.

It is possible that Mr. Smith has not received the most recent orders from the court or correspondence from the Officer Colton's counsel. However, Mr. Smith knew of the discovery requests and any time for response has run. In addition, he has an obligation under this District's Local Rules to inform the court of a change of mailing address, and the notice of change must be filed no later than five days after the change. D.C.COLO.LAttyR 5(c). Having failed to do so, Mr. Smith has left the court with no reasonable way to contact him.

IT IS ORDERED that the Motion to Compel is GRANTED IN PART:

1. Plaintiff has waived his right under the Federal Rules of Civil Procedure to object to Defendant's First Set of Interrogatories, unless he can state good cause, accepted by the court, as to why he has not served a timely response;

2. Plaintiff shall serve complete responses to Defendant's First Set of Interrogatories and all documents responsive to Defendant's First Set of Requests for Production of Documents on or before **March 23, 2015**;

3. Plaintiff shall inform the court of his current mailing address on or before **March 23, 2015**; failure to do so will result in the court vacating all deadlines and issuing an Order to Show Cause as to why this action should not be dismissed;

4. Motion DENIED as to all other matters.

DATED: March 13, 2015	BY THE COURT:

s/Nina Y. Wang_____
United States Magistrate Judge